Li v. Lynch

BIA
Vomacka, IJ
A087 433 083

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of August, two thousand sixteen.

PRESENT:
> JOHN M. WALKER, JR.,
> PETER W. HALL,
> DEBRA ANN LIVINGSTON,
>  *Circuit Judges.*

_____

WEN-WEN LI,
>  *Petitioner,*

> v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>  *Respondent.*

_____

13-1940
NAC

FOR PETITIONER: Sandra Cheng, New York, New York.

FOR RESPONDENT: Benjamin C. Mizer, Principal Assistant Attorney General; Carl McIntyre, Assistant Director; Margaret A. O'Donnell, Trial Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wen-Wen Li, a native and citizen of the People's Republic of China, seeks review of a May 3, 2013, decision of the BIA affirming a July 22, 2011, decision of an Immigration Judge ("IJ") denying Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen-Wen Li,* No. A087 433 083 (B.I.A. May 3, 2013), *aff'g* No. A087 433 083 (Immig. Ct. N.Y. City July 22, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented and modified by the BIA. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C.

2

§ 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Li raises three challenges to the agency's decision. He disputes the adverse credibility determination, argues that the agency failed to consider evidence of a pattern or practice of persecution of Catholics, and asserts a due process claim based on translation errors. We address the claims in turn.

First, substantial evidence supports the agency's adverse credibility determination regarding Li's family planning claim, which was based on inconsistencies between Li's testimony and his credible fear interview. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008) (explaining that the agency may base a credibility finding on inconsistencies in the record, "without regard to whether" they go "to the heart of the . . . claim"). The agency did not err in finding that the record of Li's credible fear interview had sufficient "hallmarks of reliability" to be considered in assessing his credibility. *Ming Zhang v. Holder*, 585 F.3d 715, 725 (2d Cir. 2009). The record appeared to be a verbatim account of the interview; it was conducted with the aid of a Mandarin interpreter, Li does

3

not argue that he had trouble understanding the questions, and he was asked questions that were "'clearly designed to elicit a potential basis for an asylum claim.'" *Id.* (quoting *Ramsameachire v. Ashcroft*, 357 F.3d 169, 181 (2d Cir. 2004)). This record and the hearing transcript reflect inconsistencies in Li's claim. He testified that his girlfriend learned that she was pregnant when officials took her for a forced abortion, but stated at the credible fear interview that she learned she was pregnant a day earlier when she visited a doctor because she was unwell. Li's explanation that he did not make this statement at the credible fear interview is not compelling. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (explaining that the agency may decline to credit an applicant's explanation for inconsistencies, unless the explanation would compel a reasonable fact-finder to credit the applicant's testimony); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003) (explaining that a petitioner "must demonstrate that a reasonable fact-finder would be compelled to credit his testimony"). The credible fear record reflects Li's statement that his girlfriend went to a doctor because she was not feeling well and discovered her pregnancy. It also reflects that

4

officials came to his girlfriend's home the next day to take her for an abortion.   Li's argument that the inconsistency finding was based on a misunderstanding of his use of the words "us" and "we" is unsupported by the record.

The adverse credibility determination is further supported by an inconsistency between Li's testimony and documentary evidence.   Li testified that he called his girlfriend many times while he was in hiding, but his girlfriend's letter states that he "dared not" call her while he was in hiding.   Li's explanation, that his girlfriend may have been afraid to include their communication in her letter, is not compelling, given that his girlfriend felt secure enough to write the letter.   *Majidi*, 430 F.3d at 80-81.   The BIA also was not required to accept the new explanation Li provided on appeal (that he called his girlfriend but she did not answer her phone) as it contradicted his testimony that he had been in contact with her.

Additionally, the IJ did not err in finding that Li's lack of reliable corroborating evidence further undermined his credibility.   *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).   The agency reasonably gave diminished weight to letters from Li's family and girlfriend because they were from

5

interested parties not subject to cross-examination. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

Given the inconsistencies and lack of reliable corroboration, substantial evidence supports the adverse credibility determination, which is dispositive of Li's claims for asylum, withholding of removal, and CAT relief based on his alleged violation of China's family planning policies. *See Xiu Xia Lin,* 534 F.3d at 167; *Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

Second, Li claims that he will be persecuted because of his Catholic faith. Because Li does not contend that he was persecuted on this basis in the past or would be personally targeted for persecution, he must establish a pattern or practice of persecution of Catholics. 8 C.F.R. § 1208.13(b)(2)(iii). Substantial evidence supports the agency's determination that he failed to meet his burden. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). The 2011 State Department report on religious freedom notes restrictions on the practice of religion, including arrests and detention of religious leaders and adherents, but does not show that this practice is "systemic or pervasive." *In re A-M-*, 23

I. & N. Dec. 737, 741 (B.I.A. 2005); *see Mufied v. Mukasey*, 508 F.3d 88, 92 (2d Cir. 2007).  The articles Li submitted focused on harm to religious leaders rather than adherents, and did not discuss any instances of persecution in Li's native province of Fujian.  *See Jian Hui Shao*, 546 F.3d at 149–50, 159-60, 163-65 (upholding BIA's analysis that where enforcement of a policy varies by region, the applicant must show a localized fear of persecution).  Given the evidence that there are 50 to 70 million Christians in China, including 12 million Catholics, the agency reasonably concluded that this evidence did not show a pattern or practice of persecution.  *Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (holding that evidence of localized religious violence was insufficient to show a pattern or practice of persecution, particularly in a large country like Indonesia).  Because Li cannot satisfy his burden of proof for asylum, he necessarily cannot meet his burden for withholding of removal or CAT relief, which require a showing of a greater likelihood of persecution or torture.  *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010).

Finally, Li argues that the agency denied him due process due to translation problems.  To succeed in this argument, Li

must establish both a due process violation and resulting prejudice. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir. 1994). Li's allegation that a few grammatical errors prove that the translator was incompetent is unfounded: he offers no evidence to show that these errors actually exist. Further, he does not identify how he was prejudiced by these alleged errors. Therefore, his due process claim fails.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk